IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MO-KAN IRON WORKERS PENSION FUND, et al., )
                Plaintiffs, )
                                        Case No. 16-0786-CV-W-FJG
v. )

ACME ERECTORS, INC.
and
HCH CONSTRUCTION, INC.,
                Defendants.

## ORDER

Pending before the Court are (1) Defendant Acme Erectors, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. No. 16) and (2) Defendant HCH Construction, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. No. 18). Defendant HCH Construction has not set forth grounds for relief independent of Acme Erectors – instead, HCH Construction has incorporated Acme Erectors' motion, suggestions in support, and reply suggestions. Therefore, the Court only considers Acme Erectors' arguments below.

**I.    Background**

Plaintiffs filed their complaint against Acme Erectors, Inc. and HCH Construction, Inc. on July 13, 2016. After defendants filed motions to dismiss, plaintiff filed an amended complaint on August 24, 2016. Defendants again filed the currently-pending motions to dismiss. Defendant Acme Erectors, Inc. has signed a collective bargaining agreement with plaintiffs. Defendant HCH Construction has not signed a collective bargaining agreement with plaintiffs; however, plaintiffs assert that HCH Construction has the same owners and

employs the same individuals as Acme Erectors, among other things. Plaintiffs therefore seek to bind HCH Construction to the collective bargaining agreement signed by Acme Erectors.

The amended complaint sets forth two claims against defendants: that the two companies should be treated as a single employer under federal law, or that the two companies are alter egos of each other under federal law. Defendants assert that plaintiff has failed to plead sufficient facts as to both of these claims.

## II.     Standard

When ruling a motion to dismiss, the court must accept plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff. Patterson Oil Co. v. VeriFone, Inc., No. 2:15-cv-4089, 2015 U.S. Dist. LEXIS 141635, at *9 (W.D. Mo. Oct. 19, 2015) (citing Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008)). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007)). In order for a claim to survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."' Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009). A plaintiff must plead facts which support the prima facie elements of the claims asserted in order to avoid dismissal under Rule 12(b)(6). Parker v. Dir. of Mental Health, No. 04-0599, 2005 U.S. Dist. LEXIS 33515, *6 (W.D. Mo. Apr. 20, 2005).

## III.    Discussion

## A. Single Employer Liability

Defendants argue that plaintiffs have not pled facts showing that a "single employer" relationship exists between them; instead, defendants argue that plaintiffs offer mere conclusions.

> Under the single employer doctrine, two or more related enterprises are treated "as a single employer for purposes of holding the enterprises jointly to a single bargaining obligation or for the purpose of considering liability for any unfair labor practices." <u>Kansas City S. Transp. Co., Inc. v. Teamsters Local Union #41</u>, 126 F.3d 1059, 1062 (8th Cir. 1997) (citing <u>Iowa Exp. Distribution, Inc. v. N.L.R.B.</u>, 739 F.2d 1305, 1310 (8th Cir. 1984)). The Eighth Circuit has adopted a four-part test to determine whether two corporate entities should be viewed as a single employer of the plaintiff under the LMRA. <u>Pulitzer Pub. Co. v. N.L.R.B.</u>, 618 F.2d 1275, 1278-1279 (8th Cir. 1980). <u>See also</u> <u>Radio & Television Broad. Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc.</u>, 380 U.S. 255, 256 (1965); <u>Russom v. Sears, Roebuck & Co.</u>, 415 F. Supp. 792, 796-797 (E.D. Mo. 1976), <u>aff'd sub nom.</u> 558 F.2d 439 (8th Cir. 1977). These factors include: 1. Interrelation of operations, 2. Centralized control of labor relations, 3. Common management, and 4. Common ownership or financial control. <u>Radio & Television Broad. Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc.</u>, 380 U.S. at 256. "No one of these factors is controlling nor need all criteria be present; single employer status is a factual question that ultimately depends upon all the circumstances of the individual case." <u>Id.</u>

<u>Int'l Ass'n of Bridge v. Acme Erectors, Inc.</u>, No. 16-0488-CV-W-REL, 2016 WL 6089748, at *4–5 (W.D. Mo. Oct. 17, 2016).

In their amended complaint, plaintiffs allege that defendants are a single employer in that:

> (a) Defendants Acme Erectors, Inc. and HCH Construction, Inc. share common ownership in that the owners of both Defendants have a family relationship and reside at the same residence and the owners and corporate officers of Acme Erectors and HCH Construction are married to one another; (b) HCH Construction, Inc. and Acme Erectors, Inc. share common management; (c) Defendant HCH Construction, Inc. and Defendant Acme

3

> Erectors, Inc. share tools and equipment; (d) upon information and belief Defendant HCH Construction, Inc. and Defendant Acme Erectors, Inc. share employees; (e) Defendant HCH Construction, Inc. and Defendant Acme Erectors, Inc. currently share the same or have shared the same principal place of business and/or share the same plant and/or business offices; (f) upon information and belief Defendant HCH Construction, Inc. and Defendant Acme Erectors, Inc. share customers; (g) upon information and belief Defendants share centralized control of labor operations in that the Acme Erectors, Inc. controls and directs HCH Construction, Inc.; (h) as a result of common ownership, HCH Construction, Inc. is aware of Acme Erectors, Inc.'s obligations to the Plaintiff Funds; (i) the Defendants share interrelation of operations in that both Defendants are engaged in structural steel erection and related construction, share or have shared the same business address, share tools and equipment, share management personnel, serve the same construction markets in Missouri, share customers and share employees.

Amended Complaint, Doc. No. 14, ¶ 13. The Court finds that this pleading is sufficient under the Federal Rules of Civil Procedure, and denies the motion to dismiss. Defendants have been given fair notice of the basis for plaintiff's single employer claim, and Iqbal and Twombly did not eliminate notice pleading or pleading on information and belief. Defendants' motion to dismiss the single employer claim is therefore **DENIED.**

### B. Alter Ego Claim

Similarly, defendants argue that plaintiffs have failed to plead facts demonstrating that HCH Construction, Inc. is the alter ego of Acme Erectors, Inc.

> The alter ego doctrine developed under the National Labor Relations Act, 29 U.S.C. §§ 151 et seq., focuses "on the existence of a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement." Greater Kansas City Laborers Pension Fund v. Superior General Contractors, Inc., 104 F.3d 1050, 1055 (8th Cir. 1997) (quoted case omitted); see also Trustees of the Graphic Commc'ns Int'l Union Upper Midwest v. Bjorkedal, 516 F.3d 719, 727 n. 2 (8th Cir. 2008) (citing cases); Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc., 552 F.Supp.2d 952 (E.D. Mo. 2007). "The

4

essential inquiry under the alter ego analysis is '[w]hether there was a bona fide discontinuance and a true change of ownership ... or merely a disguised continuance of the old employer.'" Iowa Express Distr., Inc. v. N.L.R.B., 739 F.2d 1305, 1310 (8th Cir. 1984) (quoting Southport Petroleum Co. v. N.L.R.B., 315 U.S. 100, 106 (1942)).

"In determining whether two business entities are alter egos, ... courts consider a variety of factors, including whether the two entities have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership." Midwest Precision Heating and Cooling, Inc. v. N.L.R.B., 408 F.3d 450, 458 (8th Cir. 2005) (cited case omitted). In the alter ego analysis, "one of the most important [factors] is the existence of continued control or ownership by the owner of the discontinued company." Iowa Express Distr., Inc. v. N.L.R.B., 739 F.2d at 1310 (cited case omitted). Another key factor is "whether a motive for the new entity's taking over of the operations of the old entity was to evade responsibilities under the Act and whether dealings between the two entities were at arm's length." Midwest Precision Heating and Cooling, Inc. v. N.L.R.B., 408 F.3d at 458-459 (cited case omitted). This test is flexible, so the lack of any particular factor does not preclude a finding of alter ego status. Id. at 459 (citing N.L.R.B. v. Campbell-Harris Elec., Inc., 719 F.2d 292, 296 (8th Cir. 1983) (affirming NLRB finding that ownership and management of first company, a two-man partnership, was substantially identical to that of second company, a sole proprietorship)); Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc., 552 F. Supp.2d at 955.

Int'l Ass'n of Bridge v. Acme Erectors, Inc., No. 16-0488-CV-W-REL, 2016 WL 6089748, at *3 (W.D. Mo. Oct. 17, 2016).

Defendants argue that plaintiffs have not pled a factual basis for their alter ego theory. However, plaintiffs have pled, upon information and belief, the following in their amended complaint:

> (a) Defendant HCH Construction, Inc. shares ownership with Acme Erectors, Inc.; (b) Defendant HCH Construction, Inc. and Defendant Acme Erectors share common management; (c) Defendant HCH Construction, Inc. and Defendant Acme Erectors share tools and equipment; (d) upon information and belief Defendant HCH Construction, Inc. and Defendant Acme Erectors share employees; (e) upon information and belief Defendant HCH Construction, Inc. and Defendant Acme

5

> Erectors share customers; (f) HCH Construction is controlled by Acme Erectors in that the two entities currently share the same or have shared the same principal place of business and/or share the same plant and/or business offices; (g) upon information and belief, the management and ownership of Acme Erectors controls and directs the business operations of HCH Construction; (h) Acme Erectors and HCH Construction perform the same type of structural steel construction business, (i) HCH Construction was formed to avoid the collective bargaining obligations of Acme Erectors.

Doc. No. 14, ¶ 24. These facts are sufficient to support a claim under an alter ego theory. See Midwest Precision Heating and Cooling, Inc. v. N.L.R.B., 408 F.3d 450, 458 (8th Cir. 2005). Accordingly, defendants' motions to dismiss are **DENIED** on the alter ego theory as well.

## IV.     Conclusion

Therefore, for the foregoing reasons, (1) Defendant Acme Erectors, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. No. 16) and (2) Defendant HCH Construction, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. No. 18) are **DENIED**.

**IT IS SO ORDERED**.

Date: November 21, 2016
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge